Dooley, J.,
¶ 32. dissenting. There are parts of the majority opinion I agree with, but I can’t agree with its conclusion. We agree generally on the standard the State must show was met in order to conclude a breach of the probation condition occurred — that is, the probationer must have fair notice that the conduct he is found to engage in violated the condition. State v. Galanes, 2015 VT 80, ¶ 11, 199 Vt. 456, 124 A.3d 800. We agree that this determination requires that we look at the wording of the *311 probation condition in relation to the conduct alleged. We also apparently agree that we have to look at accepted descriptions and definitions of the words in the condition — typically from dictionaries. Id. ¶ 23. I would add that we should engage in this process while always keeping in mind the “fair notice” standard.
¶ 33. The controlling language here is brief — defendant is prohibited from engaging in “violent behavior.” I note that it was imposed as a standard condition in connection with a conviction for larceny from a person.[5]
¶ 34. There is no dispute that defendant’s conduct was “behavior,” so the issue is whether defendant had fair notice that the conduct was “violent.” To determine this, the majority looks at three dictionaries, first noting that a word is not vague if there are multiple definitions: the Oxford English Dictionary, the American Heritage Dictionary, and Webster’s New International Dictionary. It discusses only a part of the definitions, apparently on the theory that, if it can find any definition that applies to defendant’s conduct, defendant had fair notice that his conduct violated the probation condition. It is in applying this theory that I part company with the majority’s analysis.
¶ 35. My first problem with the analysis is that the majority largely shifts in analysis to the word “violence,” rather than “violent,” although both are defined in the three dictionaries. That is true of the “especially relevant” definition from Webster’s New International Dictionary. Ante, ¶ 24.
¶ 36. My second problem with the majority analysis is that it ignores the main elements of the definition of “violent.” From Webster’s, the main definitions are “moving, acting, or characterized by physical force” and “great, extreme, intense.” Webster’s New International Dictionary 2846 (2d ed. 1961). All of the relevant definitions in the American Heritage Dictionary require excessive use of physical force: (1) “Displaying or proceeding from extreme physical force or rough action”; (2) “Exhibiting intense force or effect; extreme; severe”; (4) “characterized by the im *312 moderate use of force; severe; harsh.” The American Heritage Dictionary 1431 (New College ed. 1979). The Oxford English Dictionary is a special case because it has very many definitions of “violent,” spanning a page and a half of small print, with sources in English literature going back to the fourteenth century. Given the standard of fair notice, I suggest that the most relevant definition from this source — if we use any — is labeled “in intensive use” and states “very or extremely great, strong or severe.” Oxford English Dictionary 645 (2d ed. 1989).
¶ 37. My third and greatest problem is that the majority introduces factors to determine whether behavior is violent that are irrelevant to any definition. It does so because they relate to improper and offensive nature of defendant’s behavior. Thus, it says that sexually touching a child against her will fits within the definition of “violent.” No definition of “violent” suggests that conduct becomes violent because it is done for sexual gratification as opposed to another reason. No definition suggests that a touching is violent with respect to a child that would not be violent with respect to an adult. These are, of course, highly relevant factors in determining what consequences to impose as a result of a probation violation. They could also be factors in drafting a probation condition. Even more significant, defendant’s conduct is likely to constitute the separate crime of lewd and lascivious conduct, and the prosecutor stated in his motion to dismiss that he was filing such a charge. Probation Condition B, imposed on defendant, provides that defendant not be convicted of a separate crime, a ground for probation revocation the State can charge.
¶ 38. I recognize that the majority attempts to find sufficient breadth in the definition of “violent” by noting that a few of the alternative definitions relate to use of force generally if it interferes with personal freedom or was abusive, unjust, or improper. I would argue that the use of minor alternative definitions generally violates the fair notice standard, but in this case their use creates a serious overbreadth problem. When viewed most broadly, a touching,[6] the conduct alleged here and found by the trial court, involves a use of force to a minute degree, but few *313 would ever conceive that a touching without more is alone violent behavior. If it is violent behavior, then an intentional touching alone would always be considered improper because an intentional touching without consent is a tortious act, a common-law battery. See Christman v. Davis, 2005 VT 119, ¶ 6, 179 Vt. 99, 889 A.2d 746 (stating battery is “an intentional act that results in harmful contact with another” (citation omitted)).
¶ 39. In essence, the majority has found that an intentional touching is violent behavior, a holding that greatly expands on the language of the probation condition, and because intentional touching is very common behavior in many contexts, creates broad discretion in probation officers to declare a violation. More important to the case in front of us, this defendant cannot be found to have fair notice that violent behavior would be defined so broadly as to encompass the conduct he committed. Although I do not defend defendant’s conduct, our response cannot be to expand a probation condition beyond its commonly-understood meaning to find a violation.
¶ 40. I dissent.

 I note in passing that there is a serious question whether the condition is proper for a property crime. See State v. Putnam, 2015 VT 113, ¶ 36, 200 Vt. 257, 130 A.3d 836 (condition must be related to the offense). Defendant did not challenge the condition at the time of its imposition so its validity is not before us. If we must assume that it was validly adopted, I think the disconnect between the crime and the behavior alleged in support of the probation violation is relevant to whether defendant had fair notice of its applicability to that conduct.

 The majority states that defendant “grabbed her breast.” Ante, ¶ 6. The trial court made no finding that defendant grabbed S.C.’s breast. The only finding is that defendant touched defendant’s breast.